

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2138 | DATE | 7/20/2001 |
| CASE TITLE | Metropolitan Life Insurance Company vs. Mildred Johnson, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of defendants LaShanda Smith, Leonard Smith and Carolyn Hall for summary judgment [24-1] is granted. Motion of defendant Mildred Johnson for summary judgment [12-1] is denied. The clerk is directed to enter judgment in favor of LaShanda Smith, Leonard Smith and Carolyn Hall, jointly and severally, in the amount of $104,902.00 plus interest.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | 3 number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 23 2001 date docketed | 25 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | *mw* docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 JUL 20 PM 4:16 | |
| | Copy to judge/magistrate judge. | 7/20/2001 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

METROPOLITAN LIFE INSURANCE )
COMPANY, )
 )
Plaintiff, )
 )
v. ) No. 00 C 2138
 )
MILDRED JOHNSON, LASHANDA SMITH, )
LEONARD SMITH & CAROLYN HALL, )
 )
Defendants. )

**DOCKETED**
JUL 2 3 2001

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants' motions for summary judgment regarding the complaint of interpleader filed by Metropolitan Life Insurance Company, plaintiff, which seeks a determination whether life insurance proceeds made payable upon the death of Jimmie D. Johnson ("the decedent") should be paid entirely to Mildred Johnson ("Mildred") or divided between LaShanda Smith, Leonard Smith and Carolyn Hall (collectively "SS&H").[1] The court's jurisdiction is properly invoked under 28 U.S.C. § 1331 in that the matter relates to an employee welfare benefit plan regulated under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* and as such presents a federal question as provided by ERISA at 29 U.S.C. § 1132(c)(1). The defendant-claimants have all filed motions for summary judgment (SS&H moving jointly) and agree that the sole issue in this case is whether the decedent executed a valid change of beneficiary form in 1996. For the reasons articulated below, the court denies Mildred's motion and grants the motion of SS&H.

---

[1] On January 9, 2001, this court granted plaintiff leave to deposit $114,552.97 with the Registry of the United States District Court for the Northern District of Illinois, granted plaintiff's motion for entry of a final decree of interpleader, and dismissed plaintiff with prejudice from this action.

## SUMMARY JUDGMENT STANDARDS

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-599. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver* v. *Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

# FACTS[2]

At the time of his death on February 15, 1999, the decedent was a participant in the GE Life, Disability and Medical Plan, which is an employee benefit plan regulated by ERISA and which governs, among other things, the distribution of life insurance benefits. This plan states in pertinent part:

> In the event of your death from any cause, the amount of your Life Insurance then in force will be payable to the beneficiary designated by you. You may change your beneficiary at any time. Any designation of beneficiary or any change of beneficiary should be made in a form acceptable to the carrier and must be filed with the records maintained by your employee relations or personnel accounting office. Upon request, such office will furnish you with a copy of your designation of beneficiary.
> Upon receipt of written notice of change of beneficiary by such office, the change shall relate back and take effect as of the date you signed such written notice, whether or not you are living at the time of such receipt, but without prejudice to the carrier on account of any payment made before receipt of such notice.

---

[2]The court notes that all defendants failed to properly follow the procedure for filing summary judgment motions set forth in Local Rule 56.1 for the Northern District of Illinois. That rule requires that any moving party must submit with its motion "a statement of material facts as to which the moving party contends there is no genuine issue" consisting "of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Mildred filed her summary judgment without the required 56.1 statement but later filed an "Amended Statement of Material Facts." In addition, many of the paragraphs within the "Amended Statement" contain no supporting citation to the record. Complicating matters further, SS&H filed their own summary judgment motion with what appears to be their own 56.1 statement but is entitled "Defendant's [sic] Resposne [sic] to Statement of Material Facts Pursuant to Rule 12(n) [Rule 12N being the previous local rule governing responses to summary judgment motions]." This statement, like Mildred's, also contains paragraphs that do not set forth any supporting citation. SS&H also filed an amended response to Mildred's fact statement, which appears to be their only response to Mildred's fact statement (since Mildred only filed one statement). Mildred, however, did not respond to SS&H's 12N Response, which actually appears to be their own 56.1 statement. Failure to submit a 56.1 statement "constitutes grounds for denial of the motion" and all supported facts set forth in a 56.1 statement "will be deemed admitted unless controverted by" the opposing party. Loc. R. 56.1. Moreover, the Seventh Circuit has noted the important function this local rule serves and "has repeatedly upheld a district court's discretion to require strict compliance with it local rules governing summary judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527-28 (7th Cir. 2000). Because both moving parties do admit that certain facts are uncontroverted, this court will accept these facts as established despite the parties' failure to follow to procedure set forth in Rule 56.1. This court will also deem admitted any facts supported with citations to the record set forth in Mildred's statement where SS&H stated that they had insufficient knowledge to to admit or deny the facts. The statements set forth in SS&H's 12N Response (as opposed to their amended response) will be disregarded unless admitted by Mildred.

(Pl.'s Ex. A, at. 2-3.) In 1968, the decedent executed a beneficiary designation form at his place of work, the General Electric Company, naming his then-wife, Mildred Johnson, as the sole beneficiary of his "General Electric Insurance Plan." Mildred and the decedent had one child, Jimmie R. Johnson, and the couple divorced at some time between 1976 and 1984.[3] At the time of his death, the decedent was a participant in multiple benefit plans at General Electric, including the GE Life Insurance Plan (the plan at issue here), a Savings & Security Plan ("S&SP"), a Pension Plan, and a Personal Pension Plan.[4] The decedent did not participate in S&SP life insurance. The only life insurance plan in which the decedent was ever enrolled was the GE Life Insurance plan. When decedent filled out his change of beneficiary form (dated December 27, 1996), however, he checked the box for the GE S&SP Life Insurance plan rather than the box for the plan in which he was enrolled, "GE Life or GE Leadership Life Insurance" plan. SS&H also submit into evidence, and Mildred does not appear to contest this admission, a letter purportedly sent to the decedent at 10633 S. Calumet Avenue, Chicago, Illinois 60628-2838, from General Electric's Enrollment Center on January 1, 1997, stating in full as follows:

> This letter confirms receipt of your completed beneficiary designation form. The beneficiaries designated on this form will replace any beneficiaries you may have previously named.
> Please remember that if in the future you enroll in a plan requiring a beneficiary designation, or if you want to change your beneficiaries, you must submit another form at that time. If you have any questions please call the GE Enrollment Center at 1-800-252-5259.

---

[3] Although Mildred failed to support her statement that she and the decedent divorced in 1976, SS&H admit that Mildred and the decedent divorced and inconsistently admit and deny the date of the divorce. The exact date of the divorce, however, is unimportant.

[4] Clara M. Johnson, the decedent's mother, received the proceeds from the Savings & Security Plan; and Mildred received the proceeds from both the Pension and Personal Pension Plans. Moreover, Clara Johnson in an affidavit states that Jimmie R. Johnson, Leonard Smith, and LaShonda Smith were decedent's three children, and they shared the proceeds of the decedent's final salary.

4

(SS&H's Ex. E.)[5] On March 1, 1999, LaShanda Smith forwarded a letter to General Electric stating in pertinent part:

> I am aware that my father, Jimmie D. Johnson, made me the only primary beneficiary to receive his life insurance benefits from General Electric in the event of his death. As your company is aware my father died on February 14, 1999. My father contacted me in the latter part of 1996 to have me and my brother sign the change of beneficial [sic] form concerning his insurance. My father received a letter from General Electric January, 1997 [sic] confirming the fact that the changes to his insurance through General Electric that he had requested had been made by your company. To date I have not been contacted by General Electric. I would appreciate it if someone from General Electric would notify the procedure [sic] to follow so that my claim could be processed.

(Mildred Ex. I.) In April, 1999, plaintiff sent LaShanda Smith a letter stating that it had received her claim for decedent's life insurance benefits but that it did not have the change of beneficiary form referred to in her March, 1999 letter. The alleged 1996 change of beneficiary form, submitted into evidence by all defendants, states that the decedent is legally separated by court order, lives at 10633 S. Calumet, Chicago, Illinois 60628, and selects LaShanda Smith, Leonard Smith, and Carolyn Hall as the primary beneficiaries in equal shares of a GE S&SP Life Insurance plan.

## DISCUSSION

Mildred, relying on *John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86 (1993), asks this court to look to Illinois contract and insurance law when determining the validity of the 1996 change of beneficiary form. SS&H argue, however, that State law is pre-empted and that this court should apply ERISA and federal common law, particularly asking this

---

[5] SS&H attached this letter to their summary judgment motion and response to Mildred's summary judgment motion. Although Mildred did not submit any statement of fact using this piece of evidence as support, she does refer to the letter in her response to SS&H's summary judgment motion without contesting its admissibility. In light of the failure to follow Local Rule 56.1 on both sides, the court will treat this letter as an uncontested fact even though not properly authenticated or contained within SS&H's Rule 56.1 statement.

court to focus on pre-1996 Federal Employees Group Life Insurance ("FEGLI") cases. ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has "observed repeatedly that this broadly worded provision is 'clearly expansive' . . . , [b]ut at the same time . . . [has] recognized that the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes preemption would never run its course.'" *Egelhoff v. Egelhoff*, ___ U.S. ___, 121 S. Ct. 1322, 1327 (2001) (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)).

*John Hancock* states the principle that "ERISA leaves room for complementary or dual federal and State regulation, and calls for federal supremacy when the two regimes cannot be harmonized or accommodated," 510 U.S. at 98, adding that State law[6] is displaced "'where [that] law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.'" *Id.* at 99 (quoting *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 248 (1984)). The Supreme Court later explained that "to determine whether a state law has the forbidden connection [with ERISA plans], we look both to 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive,' . . . as well as to the nature of the effect of the state law on ERISA plans." *California Div. of Labor Standards v. Dillingham Constr., N.A, Inc.*, 519 U.S. 316 (1997) (quoting *Travelers*, 514 U.S. at 656).

*Egelhoff* held that a Washington statute providing for automatic revocation, upon divorce, of a nonprobate asset did not apply to the designation of an ex-spouse as beneficiary of proceeds of a

---

[6]ERISA broadly defines "State law" as including "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

6

life insurance policy and pension plan governed by ERISA. Rather, ERISA preempted State law, the Court reasoning under the principles set out above that this State law would bind the plan administrators to a particular set of rules rather than those provided in the plan, *id.*, and the State's law interfered with ERISA's goal of nationally uniform plan administration, *i.e.*, would require administrators to refer to each State's law to determine whether to pay a beneficiary specified by plan documents. *Id.* at 1328. Even before *Egelhoff*, numerous decisions within this circuit and elsewhere had ruled that ERISA preempted State law where designation of beneficiaries was concerned. *See, e.g. Metro. Life Ins. Co. v. Pettit*, 164 F.3d 857, 862 (4th Cir. 1998) ("We . . . have noted that designating the beneficiary of an ERISA life insurance plan sufficiently relates to a plan to come within the scope of the preemption clause."); *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554 (4th Cir. 1994) (State common law doctrines of substantial compliance applicable to change of beneficiary forms are preempted); *MacLean v. Ford Motor Co.*, 831 F.2d 723 (7th Cir. 1987) (ERISA preempted Indiana testamentary transfer law in determining beneficiary of testator's employee pension plan); *Continental Assurance Co. v. Davis*, Nos. 98 C 1153, 98 C 4771, 98 C 7186, 2000 WL 1141434 (N.D. Ill. Aug. 11, 2000) (State law promissory estoppel claim based on agreement to name a beneficiary of an ERISA life insurance policy and State law doctrines of substantial compliance are preempted); *Riordan v. Commonwealth Edison Co.*, 953 F. Supp. 952, 957 (N.D. Ill. 1996) (noting that Seventh Circuit precedent "indicates that when determining who is the proper beneficiary, state law that results in a different beneficiary than would be found under federal law is preempted"), *aff'd*, 128 F.3d 549 (7th Cir. 1997). *But see BankAmerica Pens. Plan. v. McMath*, 206 F.3d 821 (9th Cir. 2000) (finding that ERISA did not preempt State law doctrine of substantial compliance); *Peckman v.*

7

*Gem State Mut.*, 964 F.2d 1043 (10th Cir. 1992) (same). Concerning specifically the doctrine of substantial compliance, which as explained below provides the rule of decision in this case, in spite of the contrary views of the Ninth and Tenth Circuits this court concludes that it is more likely than not that our court of appeals would find preemption when applying doctrines of substantial compliance both for the uniformity goal discussed in *Egelhoff* and because Mildred has provided, and this court can think of, no worthy basis on which to preempt Illinois' statutory law but not its common law in this circumstance. Even if there is no preemption here, the Illinois common law doctrine of substantial compliance, as indicated below (footnote 7), is almost identical to federal common law, so the outcome would be the same. *See Thomason v. Aetna Life Ins. Co.*, 9 F.3d 645, 647 (7th Cir. 1993) (State common law may be used as a basis in constructing a federal common law that implements the policies underlying ERISA where it is not inconsistent with congressional policy concerns.).

To the extent Mildred acknowledges the preemption arguments made by SS&H, she contends that the decedent did not effectively change his beneficiary under the terms of the plan. SS&H, on the other hand, purport to rely on the terms of the plan that govern designation and change of beneficiary but suggest that the court be guided by pre-1996 FEGLI cases to determine that the error the decedent made on the form did not defeat his intention to change the beneficiary, thus acknowledging that reference to the plan will not answer the question before the court.

As neither ERISA nor the plan at issue here expressly addresses a dispute between putative beneficiaries, federal courts have applied federal common law doctrines of substantial compliance to determine the proper beneficiary to life insurance under an ERISA plan.

8

> [A]n insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive actions which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy.

*Phoenix Mut.*, 30 F.3d at 564; *see also Cont'l Assurance*, 2000 WL 1141434, at *5 (same); *Metro. Life Ins. Co. v. Hall*, 9 F. Supp. 2d 560, 563 (D. Md. 1998) (same).[7] Here, there is no dispute of fact that the decedent was never a participant in the GE S&SP Life Insurance plan and that the only insurance plan in which he ever participated was the GE Life Insurance Plan; that he filled out a change of beneficiary form naming SS&H as his beneficiaries of a life insurance plan in which he was not enrolled; that the confirmation letter of January 1997 did not identify the plan for which the change had been made, so the decedent was not thereby alerted that he had selected a plan in which he was not enrolled; and that at that time he had been divorced from Mildred, according to her, for more than twenty years. All of these facts point to a finding that the decedent intended to change his beneficiary from Mildred to SS&H and that he undertook to do so in a manner prescribed by the change of beneficiary provision of the plan. The arguments Mildred makes to the contrary lack substance. Mildred contends that the decedent might just as likely have intended to change beneficiary on one of his other enrollments (pension, saving and security, or accidental death and dismemberment), for which the boxes were also not checked on the form. This is, of course, possible, but no one has tendered any evidence of it and Mildred

---

[7] The court notes that this standard is almost identical to the standard stated in the Seventh Circuit case cited by both Mildred and SS&H, *Aetna Life Ins. Co. v. Wise*, where the court found that under Illinois law, "[f]or a change of beneficiary to be effective, the party asserting that a change has occurred must establish (1) the certainty of insured intent to change his beneficiary and (2) that the insured did everything he could have reasonably done under the circumstances to carry out his intention to change the beneficiary." 184 F.3d 660, 663 (7th Cir. 1999) (citations omitted).

9

proposes no theory of the facts from which such an inference might be drawn (indeed, Mildred received the benefits of the pension plan). The only items of evidence extrinsic to the document are LaShanda's letter written after her father's death[8] and the fact that plaintiff withheld distribution only under the life insurance plan, indicating it had no doubt as to whom decedent had designated for the other plan benefits. Both are mere scintillas, but lacking any evidence that the decedent or anyone else thought he intended to refer to another plan, the court will not convene a jury to decide whether his designation of "life insurance" was the mistake, rather than the selection of which particular life insurance. Mildred also points out that the 1996 form states that the decedent was legally separated by court order and the parties agree that the decedent's marital status at the time the form was completed was divorced. Mildred does not explain, however, why this inconsistency is material.[9] Finally, Mildred cites another inconsistency in the documents, that the 1996 form is purportedly signed only by the decedent and states that Ms. Smith would share the proceeds with Leonard Smith and Carolyn Hall, but the claim letter Ms. Smith wrote states that although she believed that she was the only beneficiary to the decedent's life insurance proceeds, the decedent asked that both Ms. Smith and her brother sign the change of beneficiary form. SS&H, however, do not have a dispute about their shares, and even if they

---

[8] Again, Mildred did not object to LaShanda's hearsay statement that her father told her that she was to be the primary beneficiary of his life insurance benefits.

[9] The court will not consider Mildred's arguments that the signature on the bottom of the 1996 form was not the decedent's or that the decedent did not live at the address listed on the form since she failed to provide competent proof of the decedent's signature or his address. SS&H's admission that the decedent resided at 333 E. 103rd Street, Chicago, Illinois at the time of his death does not establish the decedent's address at the time he purportedly completed the 1996 change of beneficiary form.

10

did, Ms. Smith's belief would have no effect on the designation in the form of equal shares. Thus, no material issue of fact arises here and no reasonable inference can be drawn from them in Mildred's favor. More important, Mildred has no theory of the facts that, if believed, would lead to a conclusion that the decedent, despite his conduct, actually intended to leave his life insurance to her. Compare, for example, *Continental Assurance*, 2000 WL 1141434, at *5 (Where decedent's husband posited a theory that the decedent acted intentionally in order to mislead, court denied summary judgment, stating, "Although [claimant's] position is weak and a bit far-fetched, it might be possible for a reasonable jury to find that [the decedent] knew her change of beneficiary form was defective and thus did not send the [carrier's] statement to [the other claimant]."

Returning to the standard above, the question is whether there is any genuine issue of material fact that (a) the decedent intended to change his beneficiary, and (b) he attempted to effectuate the change by undertaking positive actions which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy. Based on all the evidence submitted, and for the reasons stated above, and in light of both parties having indicated by way of a motion for summary judgment that they believe there are no genuine issues of material fact, the court concludes that both elements of proof are met and SS&H are entitled to judgment as a matter of law.

## CONCLUSION

For the above-stated reasons, the court grants SS&H's motion for summary judgment [#24] and denies the motion for summary judgment of Mildred Johnson [#12]. The clerk is

directed to enter judgment in favor of LaShanda Smith, Leonard Smith and Carolyn Hall, jointly and severally, in the amount of $104,902.00 plus interest.

Date: June 20, 2001   Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge